**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**CLARKSBURG DIVISION**

**ROBERT W. JOHNSON,**

     **Plaintiff,**

**vs.**                                      **CIVIL ACTION NO. 1:23-CV-00066**

**DONALD J. TRUMP,
*ET AL.*,**

     **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 2) filed on August 28, 2023, Plaintiff's Letter-Form motion for default judgment (ECF No. 6) filed on September 12, 2023, Letter-Form motion to add defendants and default judgment (ECF No. 9) filed on September 18, 2023, Letter-Form motion to admit Gen Digital, Inc. as counsel for Plaintiff and default judgment (ECF No. 10), filed on September 21, 2023, and Letter-Form motion for default judgment (ECF No. 13), filed October 10, 2023. By Order entered October 10, 2023, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF No. 14). Having examined the "complaint"[1] (ECF No. 1) as well as Plaintiff's subsequent filings (ECF Nos. 6, 9, 10, 13), the undersigned

---

[1] While it is the undersigned's practice to allow *pro se* litigants to amend their complaints when upon initial review there appears no cognizable claim for relief, the undersigned has no confidence that this particular litigant will be able to comply with that directive given the scattershot of questionable, if not delusional, issues raised in the "complaint" and follow up pleadings. Indeed, it appears that Plaintiff attempted to amend by merely moving to "add" two additional defendants, United States Magistrate Judge Michael J. Aloi and United States District Judge Thomas S. Kleeh "due to ongoing ethics and government acts and RICO acts due to election fraud and pro se corporation violations" (ECF No. 9 at 1).

concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[2]

### Plaintiff's Allegations

In support of his hand-written complaint, Plaintiff has styled the case that includes several named Defendants, to-wit: Donald J. Trump; Facebook; Meta; Rudy Giuliani; John Eastman; Mark Meadows; Kenneth Chesebro; Jeffrey Clark; Jenna Ellis; Ray Smith, III; Robert Cheeley; Cathleen Latham; Scott Hall; Stephen Lee; Harrison Floyd; Trevian Kutti; Sidney Powell; Misty Hampton; Michael Roman; David Shafer; Shawn Still; Vldimir Putin; Twitter; and Meta LLC. (ECF No. 1-1 at 2) Plaintiff has checked the boxes indicating federal question and diversity as the basis of this Court's jurisdiction over his claims. (Id. at 1) Plaintiff alleges that "all defendants committed identity theft, fraud, U.S. Constitutional violations, RICO Acts and due process violations against [Plaintiff]." (ECF No. 1)[3] For relief, Plaintiff asks for $100,000,000.00 in punitive damages.[4] (Id.)

### The Standard of Review

Because Plaintiff has applied to proceed without prepayment of the Court's filing fees and costs, his complaint is subject to pre-service screening pursuant to 28 U.S.C. § 1915. See Randolph v. Baltimore City States Atty., 2014 WL 5293708, at *2 (D. Md. Oct. 14, 2014), *aff'd*, Randolph v. New Technology, 588 Fed.Appx. 219 (4th Cir. 2014). On screening, the Court must recommend

---

[2] Because Plaintiff is proceeding *pro se*, the documents he filed in this case are held to a less stringent standard than had they been prepared by a lawyer, therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

[3] In his subsequent Letter-Form motions, Plaintiff appears to allege additional allegations, including: "ethics and government acts and election fraud" (ECF No. 6); "pro se corporation violations" (ECF No. 9); and "judicial malpractice" ostensibly against Plaintiff's new targets in this action, United States Magistrate Judge Michael J. Aloi and United States District Judge Thomas S. Kleeh (ECF No. 13)

[4] In a subsequent Letter-Form motion, Plaintiff also seems to want the Court to "enforce seizure of chattels" in addition to default judgment in his favor. (ECF No. 9 at 2)

dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id. at 327-328. A complaint, therefore, fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Deference is given to *pro se* complaints. See Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) (A District Court should allow *pro se* plaintiffs reasonable opportunity to develop pleadings.); Coleman v. Peyton, 370 F.2d 603, 604 (4th Cir. 1965) (*Pro se* plaintiff should be given an opportunity to particularize potentially viable claims.). A *pro se* complaint may therefore be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Haines v. Kerner, 404 U.S. 519, 521 (1972), *quoting* Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Where a *pro se* complaint can be remedied by an amendment, however, the District Court may not dismiss the complaint, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

### Discussion

As an initial matter, Plaintiff has failed to comply with the general rules of pleading as set forth in Rule 8(a) of the Federal Rules of Civil Procedure. That Rule provides as follows:

(a) Claim for Relief. A pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the Court's jurisdiction, unless the court already has jurisdiction and the claim needs no jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Plaintiff's complaint is not in compliance with Rule 8(a) for failing to allege sufficient facts and circumstances showing that he is entitled to relief. Liberally construing Plaintiff's allegations indicates that he is aggrieved by many things, but utterly fails to allege any facts supporting any of his claims against any of the named Defendants. Even assuming Plaintiff intended to file a claim under 42 U.S.C. § 1983, he fails to allege sufficient facts to support same. Section 1983 claims provide a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally, to state and prevail upon a claim under 42 U.S.C. § 1983, a plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The undersigned observes that Plaintiff provides no factual support or even alleges any wrongdoing or misconduct by any of these Defendants which warrants dismissal of all these Defendants outright. Each of the named Defendants are also private individuals or entities, and not state actors, and cannot be prosecuted under Section 1983. At best, Plaintiff's claims appear to be civil in nature, nevertheless, at bottom, there is no federal question presented by his sparse allegations, let alone constitutional violations, that trigger this Court's jurisdiction.

Moreover, Plaintiff only provides "naked assertion[s]" for his claims against the Defendants, which is verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S.

at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Plaintiff provides no details whatsoever in support of his claims for relief.[5]

Further, even if this Court were to construe Plaintiff's Letter-Form motion "to add defendants" (ECF No. 9), namely United States Magistrate Judge Michael J. Aloi and United States District Judge Thomas S. Kleeh, as an amendment to his complaint, this also fails under the foregoing jurisprudence governing pleadings. Notwithstanding the fatal deficiencies that plague Plaintiff's other claims, his additional claim of "judicial malpractice" suffers the same deficiency. More importantly, to the extent Plaintiff's claim of "judicial malpractice" relates to the named jurists in this District, it is noted that "[f]ew doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine in Bradley v. Fisher, 80 U.S. 335, ___ S.Ct. ___, 20 L.Ed. 646 (1872)." See Imbler v. Pachtman, 424 U.S. 409, 418, 96 S.Ct. 984, 989, 47 L.Ed.2d 128) (1976). Plaintiff essentially claims that his constitutional rights were violated by these jurists simply by presiding over this action. Based on the foregoing jurisprudence, it is clear United States Magistrate Judge Michael J. Aloi and United States District Judge Thomas S. Kleeh are entitled to absolute immunity.

Because Plaintiff's complaint lacks any basis in fact and law, the undersigned finds and concludes that this matter should be dismissed with prejudice.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and

---

[5] It is also notable that Plaintiff, a New York resident, provides no information as to how any of the named Defendants committed the alleged acts within West Virginia to support this Court's jurisdiction.

accept the foregoing findings and **RECOMMENDS** that the District Judge **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 2), **DISMISS WITH PREJUDICE** Plaintiff's "complaint" (ECF No. 1), **DENY** his Letter-Form motions for default judgment, adding defendants and admitting counsel (ECF Nos. 6, 9, 10, 13) and **REMOVE** this matter from the Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 106 S.Ct. 466, 475, 88 L.E.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S.Ct. 899, 88 L.E.2d 933 (1986); Wright v. Collins, 766 F.2d 841 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.), cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.E.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this Proposed Findings and Recommendation and to send a copy of same to the *pro se* Plaintiff.

ENTER: October 13, 2023.

Omar J. Aboulhosn
United States Magistrate Judge